IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01269-BNB

ROBERT CASS,
  Applicant,

v.

WARDEN MYLARID, Sterling Correctional Facility, and
JOHN SUTHERS, Attorney General of the State of Colorado,
  Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 23 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Robert Cass, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Cass has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Cass is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Cass will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient because Mr. Cass fails to assert specific facts in support of the claims he is raising to demonstrate that his federal constitutional rights have been violated. Instead, Mr. Cass makes only conclusory allegations that his rights have been violated. For example, Mr. Cass asserts a number of claims alleging that counsel was ineffective but he fails to support those claims with specific facts demonstrating how

counsel was ineffective and how he was prejudiced by counsel's alleged ineffectiveness.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Cass go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Cass will be ordered to file an amended application in which he provides specific facts in support of each claim being raised. Accordingly, it is

ORDERED that Mr. Cass file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Cass, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Cass fails within the time allowed to file an amended application that complies with this order as directed, the application will be denied and the action will be dismissed without further notice.

DATED June 23, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01269-BNB

Robert Cass
Prisoner No. 67730
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 6/23/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk