IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01269-BNB

ROBERT CASS,
    Applicant,

v.

WARDEN MYLARID-ST, and
JOHN SUTHERS, Attorney General of the State of Colorado,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 28 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Robert Cass, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Cass initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 23, 2008, the court ordered Mr. Cass to file an amended application that includes specific facts in support of each asserted claim to demonstrate that his federal constitutional rights have been violated. On August 26, 2008, Mr. Cass filed an amended habeas corpus application.

The court must construe the amended application liberally because Mr. Cass is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cass will be ordered to file a second amended application.

The court has reviewed the amended habeas corpus application and finds that it is deficient. Mr. Cass has provided some factual detail in support of his claims as

directed in the court's prior order. However, it no longer is clear what specific constitutional claims Mr. Cass is asserting in this action. For example, Mr. Cass labels his first claim "INVALID ARREST WARRANT" and in support of that claim he alleges that counsel was ineffective for failing to challenge the arrest warrant, that he was denied his right to confront and cross-examine a critical witness, and that counsel on direct appeal was ineffective for failing to raise a claim challenging the arrest warrant. As a result, it appears that Mr. Cass actually may be asserting three distinct claims within his first claim for relief. Mr. Cass' fifth ("FAILURE TO SUBPOENA WITNESS TROOPER BUCK"), sixth ("ENFORCEMENT OF ORIGINAL PLEA AGREEMENT"), and ninth ("PROMISSORY ESTOPPEL") claims similarly appear to raise multiple, distinct constitutional claims.

Mr. Cass also fails to identify the federal constitutional right he is raising with respect to each claim asserted in the amended application. For example, Mr. Cass labels his third claim "IMPROPER PROSECUTION TO COLLECT A DEBT" but he fails to identify the federal constitutional right that supposedly was violated as a result of the alleged improper prosecution. Mr. Cass also fails to identify the federal constitutional right that allegedly was violated in claims ten ("Failure of Implied Condition Does Not Invalidate Contractual Plea Agreement") and eleven ("Invited Error Doctrine").

In another claim, the seventh claim in the amended application, Mr. Cass identifies the claim he is raising as a double jeopardy claim. However, the facts Mr. Cass asserts in support of claim seven indicate he actually is asserting an ineffective assistance of counsel claim because he alleges only that counsel failed to raise a double jeopardy claim.

For these reasons, Mr. Cass will be ordered to file a second amended application to clarify the claims he is asserting in this action. To avoid confusion, Mr. Cass should identify clearly each claim he is asserting with the federal constitutional right that allegedly has been violated as he did in the original habeas corpus application. For example, Mr. Cass should identify as a separate "Ineffective Assistance of Counsel" claim each claim in which he alleges that counsel somehow was ineffective. Furthermore, if Mr. Cass intends to assert multiple claims based on a similar factual basis, he must clearly identify the specific claims he is asserting. For example, if Mr. Cass intends to raise both a double jeopardy claim and another claim that counsel was ineffective for failing to raise a double jeopardy claim, he must state clearly that he is raising both such claims.

Finally, Mr. Cass also is reminded that he still must allege specific facts in support of each asserted claim. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Cass go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Cass file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Cass, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

3

FURTHER ORDERED that if Mr. Cass fails within the time allowed to file a second amended application that complies with this order as directed, the action will be dismissed without further notice.

DATED August 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01269-BNB

Robert Cass
Prisoner No. 67730
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 8/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk