IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01269-BNB

ROBERT CASS,

    Applicant,

v.

WARDEN MYLARID-ST, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 09 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant Robert Cass is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Cass initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 26, 2008, he filed an amended habeas corpus application. On September 10, 2008, Mr. Cass filed a second amended habeas corpus application. He is challenging the validity of his convictions and sentences in case number 99CR811 and case number 99CR1278 in the Mesa County District Court.

In an order filed on September 17, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On September 30, 2008, Respondents filed their Pre-Answer

Response. Mr. Cass was given an opportunity to file a reply to the Pre-Answer Response but he has not done so.

The Court must construe the second amended application liberally because Mr. Cass is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the second amended application in part.

Mr. Cass was charged in case number 99CR811 with one count of theft, two counts of first degree aggravated motor vehicle theft, and two habitual criminal counts. He was charged in case number 99CR1278 with two counts of forgery of a commercial check, one count of theft, and two habitual criminal counts. Mr. Cass entered into a plea agreement to resolve the charges in both cases. He agreed to plead guilty in 99CR811 to one count of attempted first degree aggravated motor vehicle theft and two habitual criminal counts, and in 99CR1278 to one count of forgery and two habitual criminal counts. The agreement also provided that the sentences in both cases would be concurrent with each other and with a sentence in a Montana case. Mr. Cass was sentenced to nine years in prison in each Colorado case.

Shortly after his sentencing, Mr. Cass filed motions to withdraw his guilty pleas because the condition that the Colorado sentences would run concurrently with the Montana sentence could not be carried out. After a hearing, the trial court granted the motions to withdraw the guilty pleas and Mr. Cass proceeded to trial on the initial charges. Mr. Cass was convicted of all charges in separate trials. He was sentenced in

99CR811 to eighteen years in prison on each count to be served concurrently. He was sentenced in 99CR1278 to twelve years in prison on each count to be served concurrently with each other and consecutively to the sentences in 99CR811 for a total sentence in Colorado of thirty years in prison. The convictions and sentences were affirmed in separate decisions on direct appeal. *See People v. Cass*, 68 P.3d 537 (Colo. Ct. App. 2002) ("*Cass I*"); *People v. Cass*, No. 01CA0931 (Colo. Ct. App. Nov. 14, 2002) ("*Cass II*"). On April 21, 2003, the Colorado Court of Appeals denied the petitions for writ of certiorari Mr. Cass filed on direct appeal.

Mr. Cass next filed postconviction Rule 35(c) motions in each case that the trial court denied. In a joint appeal, the Colorado Court of Appeals affirmed the denial of the Rule 35(c) motions. *See People v. Cass*, No. 06CA1131 (Colo. Ct. App. Jan. 17, 2008). On May 19, 2008, the Colorado Supreme Court denied the petition for writ of certiorari Mr. Cass filed in the postconviction proceedings.

The Court received the instant action for filing on June 9, 2008. Mr. Cass asserts nineteen claims for relief in the second amended habeas corpus application filed on September 10, 2008. Those claims are the following:

(1) Counsel was ineffective by failing to challenge the sufficiency of the arrest warrant affidavit.

(2) Counsel was ineffective by failing to file an appeal pursuant to Colorado Appellate Rule 21 after the preliminary hearing.

(3) Counsel was ineffective by failing to request a bill of particulars.

(4) Counsel was ineffective by failing to file a motion to compel the prosecution to elect one count when two separate charged counts were based on the same evidence.

3

(5) Counsel was ineffective by failing to raise constitutional and statutory speedy trial challenges.

(6) Counsel was ineffective by failing to subpoena Trooper Buck as a witness.

(7) Counsel was ineffective by failing to raise statutory and constitutional double jeopardy claims.

(8) Counsel was ineffective by failing to pursue the proper defense based on the facts of the case.

(9) Counsel was ineffective by failing to request appropriate jury instructions concerning the contractual nature of the relationship between Mr. Cass and the alleged victim.

(10) The cumulative effect of counsel's errors resulted in ineffective assistance of counsel.

(11) Mr. Cass was denied due process by the trial court's failure to address his request for alternate defense counsel after he sought to withdraw his guilty pleas.

(12) Mr. Cass was denied due process by the trial court's failure to enforce the original plea agreement.

(13) Mr. Cass was denied due process based on his detrimental reliance on specific enforcement of the original plea agreement.

(14) Mr. Cass was denied due process when the trial court failed to enforce specific performance of the original plea agreement.

(15) Mr. Cass was denied due process when the trial court withdrew the plea agreement it already had accepted.

(16) The prosecution violated Mr. Cass' constitutional rights by pursuing criminal charges based on a contractual dispute between Mr. Cass and the alleged victim.

(17) The trial court erred in allowing testimony from Mr. Cass' spouse and counsel was ineffective by failing to object to that testimony.

(18) The trial court erred in not allowing Mr. Cass to challenge his prior convictions and counsel was ineffective by failing to challenge the prior convictions.

(19) The trial court erred in failing to appoint alternate defense counsel for the habitual criminal phase of the trial and counsel was ineffective by failing to object to the trial court's refusal to appoint alternate defense counsel.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that every claim raised in this action is not exhausted and is procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**Claims One through Ten**

Respondents first ague that the ineffective assistance of counsel claims, the first ten claims in the second amended application, are not exhausted. Respondents contend that only two of the ineffective assistance of counsel claims, claims five and seven, were raised on appeal to the Colorado Court of Appeals in the postconviction proceedings and that none of the ineffective assistance of counsel claims were raised by Mr. Cass in his postconviction petition for writ of certiorari.

The Court has reviewed the state court appellate briefs filed by Mr. Cass. Based on that review, the Court agrees with Respondents that the ineffective assistance of counsel claims, other than claims five and seven, were not presented fairly either to the Colorado Court of Appeals or the Colorado Supreme Court and are not exhausted. However, with respect to claims five and seven, the Court does not agree that the failure to raise those claims in the Colorado Supreme Court after they were presented fairly to the Colorado Court of Appeals means they are not exhausted.

In order to exhaust state remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845.

However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court is not aware of

any case that reaches a contrary conclusion. Therefore, the fact that Mr. Cass did not raise claims five and seven in the Colorado Supreme Court in a petition for writ of certiorari after those claims were presented fairly to and rejected by the Colorado Court of Appeals does not demonstrate that those claims are unexhausted.

**Claims Eleven, Eighteen, and Nineteen**

Respondents next argue that claims eleven, eighteen, and nineteen are not exhausted. Mr. Cass maintains in claim eleven that he was denied due process by the trial court's failure to address his request for alternate defense counsel after he sought to withdraw his guilty pleas. Mr. Cass contends in claim eighteen that the trial court erred in not allowing him to challenge his prior convictions and that counsel was ineffective by failing to challenge the prior convictions. Mr. Cass asserts in claim nineteen that the trial court erred in failing to appoint alternate defense counsel for the habitual criminal phase of the trial and that counsel was ineffective by failing to object to the trial court's refusal to appoint alternate defense counsel.

Respondents assert that these three claims raise similar issues because they all relate to Mr. Cass' prior convictions that supported the habitual criminal charges. Respondents maintain that these three claims are not exhausted because, although Mr. Cass raised a federal constitutional claim on direct appeal challenging the trial court's failure to appoint alternate defense counsel to attack the prior convictions, the state courts rejected that claim on the independent state procedural ground of timeliness. In support of their argument that claims eleven, eighteen, and nineteen were rejected by the state courts as untimely, Respondents cite the decision of the Colorado Court of

Appeals upholding the trial court's determination that Mr. Cass' motion for alternate defense counsel properly was denied because his efforts to challenge his prior convictions were untimely. See *Cass I*, 68 P.3d at 539-40.

The Court does not agree with Respondents that claims eleven, eighteen, and nineteen were rejected by the state courts as untimely. The state courts determined only that Mr. Cass' efforts to challenge his prior convictions were untimely; the state courts did not deny Mr. Cass' motion for alternate defense counsel as untimely. See *id.* Although the determination that Mr. Cass failed to challenge his prior convictions in the state courts in a timely manner would be relevant if the Court were considering the merits of the issues raised by Mr. Cass in claims eleven, eighteen, and nineteen, that determination does not demonstrate that the due process and ineffective assistance of counsel arguments presented in claims eleven, eighteen, and nineteen were rejected by the state courts as untimely. Therefore, the Court finds that Respondents fail to demonstrate that claims eleven, eighteen, and nineteen are not exhausted.

## Claim Twelve

Respondents next argue that claim twelve is not exhausted because it was raised only as a state law claim in the postconviction proceedings. Mr. Cass contends in claim twelve that he was denied due process by the trial court's failure to enforce the original plea agreement. The Court has reviewed the relevant state court briefs filed by Mr. Cass and agrees with Respondents that this due process claim was not raised as a federal constitutional claim in the state court postconviction proceedings and, therefore, is not exhausted. The federal cases Mr. Cass cited in support of this claim in the state

courts, by themselves, were not sufficient to transform the claim into a federal constitutional claim because the cited cases did not alert the state court to the federal nature of the claim. See *Duncan*, 513 U.S. at 365-66.

### Claim Thirteen

Respondents next argue that claim thirteen is not exhausted because it was raised only as a state law issue in the Colorado Supreme Court after being raised as a federal constitutional claim in the Colorado Court of Appeals. The Court finds that claim thirteen is exhausted based on Colo. App. R. 51.1 because Respondents concede that the claim was presented fairly to the Colorado Court of Appeals.

### Claim Fourteen

Respondents argue that claim fourteen is not exhausted because it was raised only as a state law claim in the state court postconviction proceedings. Mr. Cass asserts in claim fourteen that he was denied due process when the trial court failed to enforce specific performance of the original plea agreement. The Court has reviewed the relevant state court briefs filed by Mr. Cass and agrees with Respondents that this due process claim was not raised as a federal constitutional claim in the state court postconviction proceedings and, therefore, is not exhausted. Mr. Cass raised the issue of specific performance of the plea agreement on appeal in the postconviction proceedings only as an issue of non-constitutional contract law.

### Claims Fifteen, Sixteen, and Seventeen

Respondents argue that claims fifteen, sixteen, and seventeen are not exhausted because those claims were not raised by Mr. Cass in any of his appellate

briefs either on direct appeal or in the state court postconviction proceedings. Mr. Cass alleges in claim fifteen that he was denied due process when the trial court withdrew the plea agreement it already had accepted. In claim sixteen he alleges that the prosecution violated his constitutional rights by pursuing criminal charges based on a contractual dispute between Mr. Cass and the alleged victim. Finally, Mr. Cass alleges in claim seventeen that the trial court erred in allowing testimony from Mr. Cass' spouse and that counsel was ineffective by failing to object to that testimony.

It is not clear to the Court that claim fifteen presents any issue that is not repetitive of the issues Mr. Cass raises in claims twelve, thirteen, and fourteen. However, to the extent claim fifteen could be construed to raise a distinct issue, the Court's review of the appellate briefs Mr. Cass filed in the state courts leads to the conclusion that Respondents are correct in asserting claim fifteen is not exhausted.

The Court does not agree with Respondents that claims sixteen and seventeen were not raised by Mr. Cass in the state appellate courts. Mr. Cass argued on direct appeal in case number 99CR811 that the district attorney improperly prosecuted Mr. Cass to collect a debt, which is the basis for claim sixteen in this action. (*See* App. I to Pre-Answer Response at pp. 12-13[1].) Mr. Cass also argued on direct appeal in case number 99CR811 that the trial court erred in allowing testimony from Mr. Cass' spouse, which is the basis for claim seventeen in this action. (*See id.* at pp. 15-19.) However, the Court does find that claims sixteen and seventeen were not raised as federal constitutional claims on direct appeal and, therefore, are not exhausted.

---

[1]The referenced page numbers refer to the page numbers of Appendix I and not to the separately numbered pages of the Opening Brief that is reproduced in Appendix I.

Although Mr. Cass failed to exhaust state remedies for claims one through four, six, eight through ten, twelve, and fourteen through seventeen, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Cass no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Mr. Cass no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure provide that a court shall deny any claim that was or could have been raised in a prior appeal or postconviction motion with limited exceptions that are not applicable to the claims Mr. Cass failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Therefore, claims one through four, six, eight through ten, twelve, and fourteen through seventeen are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Cass' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Cass fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider claims one through four, six, eight through ten, twelve, and fourteen through seventeen will result in a fundamental miscarriage of

justice. Therefore, the Court finds that claims one through four, six, eight through ten, twelve, and fourteen through seventeen are procedurally barred and must be dismissed.

In summary, the Court will dismiss claims one through four, six, eight through ten, twelve, and fourteen through seventeen as procedurally barred. Respondents concede that this action is timely and the Court will not dismiss claims five, seven, eleven, thirteen, eighteen, and nineteen for failure to exhaust state remedies or as procedurally barred. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims one through four, six, eight through ten, twelve, and fourteen through seventeen are dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 9 day of Dec., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01269-BNB

Robert Cass
Prisoner No. 67730
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Paul Koehler
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

 I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  12/9/08

GREGORY C. LANGHAM, CLERK

By: _____
   Deputy Clerk